**Melvin KIROJAN, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

No. 04–76278.

United States Court of Appeals, Ninth Circuit.

Submitted Aug. 26, 2008.*

Filed Sept. 8, 2008.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. Petr. 34(a)(2).

Kaaren L. Barr, Esq., Seattle, WA, for Petitioner.

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, WWS–District Counsel, Immigration and Naturalization Service, Office of the District Counsel, Seattle, WA, Joan E. Smiley, Esq., DOJ—U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: SCHROEDER, KLEINFELD, and IKUTA, Circuit Judges.

## MEMORANDUM **

Melvin Kirojan, a native and citizen of Indonesia, petitions for review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an immigration judge's ("IJ") decision denying his application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

review factual findings for substantial evidence, *Zhang v. Gonzales,* 408 F.3d 1239, 1244 (9th Cir.2005), and deny the petition for review.

 The agency determined that Kirojan's asylum application was untimely, and that he did not provide a viable excuse for his late filed asylum application. Kirojan does not dispute this finding. Therefore, Kirojan is ineligible for asylum.

 Substantial evidence supports the IJ's denial of withholding of removal because nothing happened to Kirojan or his family in the past, *see Hakeem v. INS,* 273 F.3d 812, 817 (9th Cir.2001), and the record does not contain objective evidence of a clear probability of future persecution. *See INS v. Cardoza–Fonseca,* 480 U.S. 421, 430, 107 S.Ct. 1207, 94 L.Ed.2d 434 (1987). Even assuming the disfavored group analysis applies in the context of withholding of removal and applies to Christian Indonesians, Kirojan has not demonstrated a clear probability of future persecution. *See Hoxha v. Ashcroft,* 319 F.3d 1179, 1184–85 (9th Cir.2003); *cf. Sael v. Ashcroft,* 386 F.3d 922, 927–29 (9th Cir. 2004). Lastly, the record does not establish that Kirojan demonstrated a pattern or practice of persecution against Christian Indonesians. *See Lolong v. Gonzales,* 484 F.3d 1173, 1180–81 (9th Cir.2007). Accordingly, Kirojan's withholding of removal claim fails.

 Substantial evidence also supports the agency's denial of CAT relief because Kirojan has not established it is more likely than not that he will be tortured if he returns to Indonesia. *See Singh v. Gonzales,* 439 F.3d 1100, 1113 (9th Cir.2006).

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed.

 Kirojan's request for a remand to allow the agency to consider new evidence of the December 26, 2004 earthquake and tsunami is unavailing. The proper recourse is to file a motion to reopen. *See* 8 C.F.R. §§ 1003.2(a), (c)(1).

**PETITION FOR REVIEW DENIED.**